UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCISCO RODRIGUEZ
SANTA,

     Plaintiff,

v.                                                            Case No.   2:25-cv-1139-KCD-DNF

M. MCKINNEY, T. QUEGAN, and
J. MARSHALL,

     Defendants.

                              /

## ORDER

Plaintiff Francisco Rodriguez Santa, a prisoner of the Florida Department of Corrections, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) He moves to proceed in forma pauperis (Doc. 5), and his complaint is before the Court for initial screening.

After considering Plaintiff's allegations, the Court dismisses his complaint for failure to state a claim on which relief can be granted.

## I. Amended Complaint

Plaintiff alleges the following facts, which the Court accepts as true at this stage: On June 11, 2025, while at Florida State Prison, Plaintiff experienced a psychological emergency and blacked out. (Doc. 1 at 4, 7.) When he woke, Plaintiff was evaluated by mental health, taken to C-dorm, placed under 24-hour observation, and declared mentally unstable. (*Id.* at 7.) He

remained under psychological observation until June 13, 2025, when a series of transfers landed him at Charlotte Correctional Institution. (*Id.* at 6.)

On July 21, 2025, Plaintiff was taken to a disciplinary hearing for a disciplinary report written by Defendant McKinney regarding the June 11, 2025, incident. (Doc. 1 at 6.)[1] Plaintiff alleges that he was surprised by the hearing because he had not been served with a disciplinary report and was unaware that he had received one. (*Id.*) Plaintiff asserts that Florida Department of Corrections rules forbid serving an inmate with a disciplinary report when he is on "psych watch." (*Id.*) Defendants Quegan and Marshall conducted the hearing and found Plaintiff guilty. (*Id.*) They sentenced him to 60 days' confinement and revoked 60 days of gain time credit. (*Id.*)

On July 22, 2025, Plaintiff filed an administrative appeal of the decision. (Doc. 1 at 6.) The Warden overturned Plaintiff's disciplinary report due to an administrative error, restored his gain time, and released him from confinement. (*Id.*)

Plaintiff now asserts that Defendant McKinney violated the Fourteenth Amendment by writing Plaintiff a disciplinary report while he was on psychological evaluation. The disciplinary report allegedly caused Plaintiff great pain and suffering, mental anguish, and emotional distress. (Doc. 1 at 7.)

---

[1] Plaintiff attached a summary of the hearing to his complaint. (Doc. 1-2.) Plaintiff was accused of (and found guilty of) possessing a metal "homemade edged weapon." (*Id.*)

2

He next asserts that Defendants Quegan and Marshall took 60 days' gain time and sentenced him to 60 days' confinement without proper due process, again causing Plaintiff great pain and suffering, mental anguish, and emotional distress. (*Id.* at 8.) Plaintiff seeks compensatory and punitive damages against each defendant. (Doc. 1 at 3, 9.)

## II.  Screening Standards

A prisoner who seeks to proceed *in forma pauperis* must have his complaint screened in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). This procedure requires the court to dismiss a prisoner's civil action prior to service if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b)(1), (2).

The standard for failure to state a claim under the screening statutes is largely the same as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). And under Rule 12(b)(6), a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not rest on "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.[2] Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Likewise, a complaint may be dismissed as frivolous when the court discerns from its face "that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008).

### III. Discussion

Plaintiff seeks relief under the Due Process Clause of the Fourteenth Amendment. (Doc. 1 at 3.) Prison disciplinary proceedings are not part of a criminal prosecution, and "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In *Wolff*, the Supreme Court described the minimum procedural due process requirements for prisoners who receive discipline that results in the loss of good-time credits or the imposition of solitary confinement. These protections include advance written notice of the charges, adequate time to prepare a defense, an opportunity to present witnesses and evidence, and a written

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

statement by the factfinder explaining the reasons for the decision. *Id.* In addition, the decision-maker must be sufficiently impartial so as not to present "a hazard of arbitrary decision making." *Id.* at 571.

Here, the extent of the process Plaintiff received in the disciplinary proceeding is unclear from the complaint. But what *is* clear is that Plaintiff successfully availed himself of the right to appeal, a protection not mandated by *Wolff*. Thus, from the allegations in the complaint, it appears that the process he was afforded actually protected, rather than harmed, him.

Nevertheless—even if Plaintiff did not receive advance notice of the disciplinary hearing and was unable to properly prepare a defense to the charges against him—a defendant's mere failure to comply with *Wolff*'s procedural protections does not give rise to a due process claim in every situation. The Supreme Court has explained that *Wolff* due process claims are limited to situations in which a defendant's actions caused an "atypical significant deprivation" in which a State might conceivably have created a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). In short, a defendant's failure to follow each *Wolff* procedural requirement violates the Constitution *only* when the failure resulted in the deprivation of the plaintiff's interest in life, liberty, or property. *Wilkinson v. Austin*, 545 U.S. 209, 220 (2009) ("The 14th Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its

5

procedural protection must establish that one of these interests is at stake."). Thus, unless Plaintiff was deprived of a liberty interest, no due process protection is triggered.

Plaintiff alleges that he was placed in confinement from July 21 until August 7.[3] A short term of segregation rarely implicates a liberty interest protected by the Due Process Clause. *See Smith v. Deemer*, 641 F. App'x 865, 868 (11th Cir. 2016) ("Generally, atypical and significant hardships must exist for a significant period of time."). Moreover, temporary periods of segregation (such as the 17-day period of administrative confinement alleged here) do not present an "atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486; *see also Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (concluding that spending two months in administrative confinement did not constitute a deprivation of a constitutionally protected liberty interest); *Woodson v. Whitehead*, 673 F. App'x 931, 933 (11th Cir. 2016) ("The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated."); *Al-Amin v. Donald*, 165 F. App'x 733, 738 (11th Cir. 2006) (finding that there is no right inherent in the Constitution to be free from

---

[3] Plaintiff also alleges that he was temporarily deprived of gain time. But, as the gain time was completely restored, this allegation does not implicate due process concerns.

6

confinement in administrative segregation). Simply put, the sanction imposed on Plaintiff did not implicate problematic due process concerns.

Plaintiff's failure to establish that any defendant deprived him of a constitutionally protected liberty interest requires dismissal of his due process claims.

## IV.  Conclusion

Because Plaintiff does not plausibly allege that he was deprived of a constitutionally protected liberty interest, he does not state a claim under the Fourteenth Amendment's Due Process Clause. And on the facts present here, a more carefully drafted complaint would still not state a plausible claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."). Thus, his complaint is dismissed for failure to state a claim on which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is now **ORDERED**:

1. This case is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

2. The Clerk is **DIRECTED** to terminate any pending motions, close this case, and enter judgment accordingly.

**ENTERED** in Fort Myers, Florida on February 23, 2026.

7

Kyle C. Dudek
United States District Judge

8